UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:08-cr-00137-SEB-TAB-1 |
| | ) | |
| JAMES R. MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker on August 28, 2013, directing the magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed with the court on August 23, 2013, and to submit proposed Findings of Fact and Recommendation for disposition under 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held on September 11, 2013, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On September 11, 2013, defendant James R. Moore appeared in person with his appointed counsel, Joseph M. Cleary. The government appeared by Zachary Myers, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Chris Dougherty, who participated in the proceedings.

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1.      The court advised Mr. Moore of his right to remain silent, his right to counsel, and his right to be advised of the charges against him.  The court asked Mr. Moore questions to ensure that he had the ability to understand the proceedings and his rights.

2.      A copy of the Petition was provided to Mr. Moore and his counsel, who informed the court they had reviewed the Petition and that Mr. Moore understood the violations alleged.  Mr. Moore waived further reading of the Petition.

3.      The court advised Mr. Moore of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition.  Mr. Moore was advised of the rights he would have at a preliminary hearing.  Mr. Moore stated that he wished to waive his right to a preliminary hearing.  Mr. Moore, by counsel, executed a written waiver of the preliminary hearing, which the court accepted.

4.      Mr. Moore stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition.

5.      The court advised Mr. Moore of his right to a hearing on the Petition and of his rights in connection with a hearing.  The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6.      Mr. Moore, by counsel, stipulated that he committed Violations Number 1, 2, and 3 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|

1	*"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."*

The offender was released from the Bureau of Prisons on July 5, 2013, and began a 180 day placement at Volunteers of America because he had no other residential options. The offender was terminated from VOA on August 20, 2013, due to numerous incidents of noncompliance with facility rules, and because he left the facility of his own volition. On August 20, 2013, the offender left the facility for four hours without a required pass. When he returned to VOA, correctional staff attempted to collect a urine screen from him due to him being "out of place." During the screen, the officer noted suspected contraband in the offender's groin area. The offender refused to give the officer the suspected contraband and to comply with directives. He was told to remain in the lobby area while staff was making a decision as to how to proceed. The offender got into a verbal altercation with the correctional officer at the desk and then told staff he was leaving the facility. The offender advised this officer he went to his mother's residence that evening.

During his 46 day stay at VOA, the offender incurred numerous violations of facility rules. His case manager and this probation officer discovered the offender had submitted falsified passes to attend community service at Goodwill on four occasions. He was "out of place" and his whereabouts were unknown for over 25 hours. He incurred four other incident reports for: being in an unauthorized area; refusing orders; smoking where prohibited; and possessing an unauthorized item. After the offender's actions on August 20, 2013, of refusing to comply with a search and voluntarily leaving the building, the VOA director terminated his placement at the facility.

2	*"The defendant shall participate in a substance abuse treatment program, which may include no more than eight drug tests per month, and shall pay a portion of the fees."*

On August 20, 2013, the offender returned to Volunteers of America, from an unauthorized four hour leave. The correctional officer was collecting a urine screen when he noticed suspected contraband in the offender's groin area. The offender refused to give the suspected contraband to the correctional officer, and refused to comply with directives from the collector.

> 3 *"The defendant shall perform 32 hours of community service as directed by the probation officer."*
>
> On July 26, 2013, this officer instructed the offender to begin his community service hours at Goodwill and directed him to work eight hour shifts to complete the community service as soon as possible, so that he could focus on his employment search. The offender submitted passes to complete community service that totaled over 25 hours. On August 13, 2013, the offender was asked about his completion of hours and he lied to the probation officer, stating he had completed approximately three days of work. This officer contacted the Goodwill store where the offender indicated he was performing his community work service and was advised the offender had only completed a total of two community service hours.

7. The court placed Mr. Moore under oath and directly inquired of Mr. Moore whether he admitted the violations of his supervised release as set forth above. Mr. Moore admitted the above violations.

8. Counsel for the parties and the USPO further stipulated to the following:

   a) Mr. Moore has a relevant criminal history category of II (U.S.S.G. § 7B1.4(a)).

   b) The most serious grade of violation committed by Mr. Moore constitutes a Grade C violation (U.S.S.G. § 7B1.1(b)).

   c) According to U.S.S.G. § 7B1.4(a), upon revocation of supervised release, the range of imprisonment applicable to Mr. Moore is 4-10 months.

   d) The appropriate disposition of the case would be: (a) that Mr. Moore's supervised release should be revoked; and (b) that Mr. Moore should be sentenced to a term of imprisonment of 10 months with no supervised release to follow.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, James M. Moore, violated the above-specified conditions number 1, 2, and 3 in the Petition and that the disposition to which the parties and the USPO have agreed is appropriate. The defendant's supervised release is therefore **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of 10 months, with no supervised release to follow.

The magistrate judge recommends that the defendant, James M. Moore, be placed at the Big Sandy corrections facility in Inez, Kentucky. She further recommends that Mr. Moore not be assigned to Terre Haute.

Counsel for the parties and Mr. Moore stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge as provided by Title 28 U.S.C. §636(b)(1)(B).

Counsel for the parties and Mr. Moore entered the above stipulations and waivers after being notified by the magistrate judge that the district court may refuse to accept the stipulations and waivers and conduct a revocation hearing and/or may reconsider the magistrate judge's Report and Recommendation, including making a *de novo* determination of any portion of it.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Moore's supervised release and imposing a sentence of imprisonment of 10 months in the custody of the Attorney General or his designee with no supervised release to follow.

IT IS SO RECOMMENDED.

Date: 10/16/2013

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Chris Dougherty
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

Joseph M. Cleary
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

United States Probation Office

United States Marshal